UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Troy Koenig, et al.,

　　Plaintiffs,

　　　　　　　　　　　　　　　　　Case No. 2:09-cv-1097

　v.

USA Hockey, Inc.,　　　　　　　　　Judge Watson

　　Defendant.

## OPINION AND ORDER

On December 28, 2009, defendant USA Hockey, Inc. moved to dismiss the complaint. The motion was supported by matters outside the pleadings. USA Hockey moved the Court to take judicial notice of these matters. In an order filed on June 14, 2010, the Magistrate Judge denied that request. That order was not appealed.

Absent the materials attached to the motion to dismiss, there is no foundation for USA Hockey's motion. The motion did not actually attack the sufficiency of the complaint, but rather argued that, based on the additional materials, USA Hockey made up for the alleged shortening of the 2008-2009 membership season (the action about which the plaintiffs complain) by adding four months to the 2009-2010 membership season. Because, according to the additional materials proffered by USA Hockey, Mr. Koenig registered for both seasons, he cannot claim any damage, and therefore cannot pursue claims on behalf of a class of persons who might have sustained damage from the subtraction of four months from their 2008-2009 membership.

Given the Court's decision not to take judicial notice of the materials attached to the motion to dismiss, the Court agrees with plaintiffs that, on its face, the complaint

states claims upon which relief can be granted. It pleads a straightforward breach of contract claim - USA Hockey members paid for twelve months of membership benefits for 2008-2009 and received only eight - and for violations of the Ohio Consumer Sales Practices Act based on the allegedly false representation that USA Hockey members would get the twelve months of membership benefits they paid for and USA Hockey's failure to offer a refund for the four months of membership benefits it unilaterally withdrew from its members. Whatever merit might be found in USA Hockey's arguments can be tested by way of a properly-supported summary judgment motion, but the motion to dismiss, *sans* the additional material, is not an appropriate vehicle for deciding the question of plaintiff's damage or lack thereof.

For these reasons, the motion to dismiss the complaint (Doc. 13) is DENIED.

**IT IS SO ORDERED.**

_/s/ Michael H. Watson_
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**